## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No.  **22-00218-01-CR-W-SRB** |
| | ) | |
| **MICHAEL R. SMITH, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

On November 29, 2022, counsel for Defendant Michael R. Smith, Jr. filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 19.   That same day, the Court granted the motion.   Doc. 20.   The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b).  *Id*.

Shortly thereafter, Defendant was designated to the Federal Correctional Institution – Englewood for psychiatric evaluation.   On February 9, 2023, the Court received a forensic evaluation from Jeremiah Dwyer, Ph.D., who concluded the "primary concern related to [Defendant's] present competency to proceed is the lingering delusional thinking that is consistent with his presentation prior to his incarceration, but of reduced severity."   Doc. 21 at 16. "Ultimately, [Defendant] was able to discuss his current legal situation with a specific focus on the charge of felon in possession of a firearm, and he was able to address this charge without any significant impact of delusional thinking."  *Id*.  According to Dr. Dwyer, "if the focus remains [on] the current charge against him, no assessed area of competency was impacted by [Defendant's] residual symptoms."  *Id*.  Further, "while there is evidence of residual mental health symptoms in

[Defendant's] current presentation, these residual symptoms do not impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense." *Id*. Dr. Dwyer opined Defendant "is presently competent to proceed with his case." *Id*

On March 1, 2023, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 26. Defendant, his counsel, Todd Schultz, and Government counsel, Brandon Gibson, all appeared in person. *Id*. Both Government and defense counsel stipulated the Court could consider Dr. Dwyer's forensic evaluation as if he had appeared in person and testified under oath. *Id*. No additional evidence was offered by either party. *Id*. Based on the record before the Court, including Dr. Dwyer's report (Doc. 21), it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: March 2, 2023

      */s/ W. Brian Gaddy*
      W. BRIAN GADDY
      UNITED STATES MAGISTRATE JUDGE